UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>JAYVADAN PATEL, Owner of Days Inn; DAYS INN BY WYNDOM HOTEL, Franchise of Days Inn; and SHORT STAFFED INC.,<br><br>      Defendants. | 4:23-CV-04160-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff, Charles Ray Johnson, filed a pro se lawsuit. Docket 1. Johnson also filed a motion for leave to proceed in forma pauperis. Docket 4.

## I. Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's financial

affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis (Docket 4) is granted. This court now screens Johnson's complaint.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Johnson's complaint are: that Days Inn By Windom Hotel and Short Staffed Inc. "agreed not to compete by wages" and entered a no-poaching agreement that cut Johnson's payment for hours worked. Docket 1 at 3–4. Days Inn paid Short Staffed $14 per hour for the time Johnson worked. *Id.* Johnson claims that Short Staffed cut his pay to $6 an hour due to the no-poaching agreement. *Id.* He claims that Short Staffed committed fraud in reducing his wages from $14 an hour to $6 an hour. *Id.* He alleges that "Days in [sic] owner shorted Plaintiff 488 dollars when he cut his wages to $6 a [sic] hour." *Id.* at 4.

Johnson's employee wage statement report from Short Staffed shows that his pay rate was $14 per hour for the pay period of February 1, 2022, through April 1, 2022. Docket 1-1 at 3. His pay stub from Subhan Hotels LLC Days Inn Airport shows that he worked 61 hours at an hourly rate of $6 for the period of April 14, 2023, through April 27, 2023. *Id.* at 1–2.

Johnson claims that Days Inn and Short Staffed committed fraud and blanket discrimination, agreed not to compete by wages, and violated "min wage act[.]" Docket 1 at 3–4. He claims that fraud and blanket discrimination

occurred because defendants refused to inform him when he was to return to work and never told him that he was fired. *Id.* at 3.

Johnson requests $10 million for "fraud, loss [sic] wages with held [sic] as well as violation of min wage act paying [him] $6 an hr to avoid a Breach of Contract Suite [sic] with Short Staffed while blanket discrimination by not telling Johnson when to come back to work instead he was told to re-apply." *Id.* at 4.

**B.     Legal Background**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts

3

supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

**C.     Legal Analysis**

    **1.     Fair Labor Standards Act**

Liberally construing Johnson's complaint, he alleges a violation of the Fair Labor Standards Act (FLSA), 28 U.S.C. § 201 et seq.[1] Docket 1. "The FLSA requires employers to pay a minimum hourly wage, which is currently $7.25 per hour." *Fast v. Applebee's Int'l., Inc.*, 638 F.3d 872, 876 (8th Cir. 2011) (citing 29 U.S.C. § 206(a)(1)). To establish a claim for violation of the minimum wage requirements, the plaintiff "must demonstrate that he was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986) (citing 29 U.S.C. § 206(a)). "[T]he test for compensability of activities performed is whether the employer derives 'significant benefit' from such activity, not whether the employer is the 'sole' beneficiary." *Treece v. City of Little Rock*, 923 F. Supp. 1122, 1127 (E.D. Ark. 1996) (citing *Henson v. Pulaski Cnty. Sheriff Dep't*, 6 F.3d 531 (8th Cir. 1993)).

Here, Johnson's pay stub from Subhan Hotels LLC Days Inn Airport shows that he worked 61 hours between April 14, 2023, through April 27, 2023. Docket 1-1 at 1–2. Johnson does not state what his employment

---

[1] Johnson does not allege that he pursued non-judicial remedies before bringing his FLSA claim. *See generally* Docket 1. But "[u]nlike some other federal statutory schemes, the FLSA does not include a provision specifically requiring exhaustion of remedies[.]" *Pendergrass v. BI-State Utils. Co.*, 2018 WL 4961496, at *4 (E.D. Mo. Oct. 15, 2018) (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)). Thus, exhaustion was not required before Johnson brought his FLSA claims in federal court.

entailed. But based on the fact that Johnson's pay stub shows that he was compensated for 61 hours of work, Johnson has alleged sufficient facts showing that he engaged in a compensable activity for Days Inn. Docket 1-1 at 1–2. He claims that he was paid below the FLSA's minimum wage requirements because his Days Inn pay stub shows that his hourly rate was $6, and he claims that Short Staffed cut his pay so he only received $6 an hour. *See* Docket 1 at 4. Thus, Johnson's FLSA claims against Days Inn and Short Staffed survive § 1915 screening.

Johnson also sues Patel, owner of Days Inn, under the FLSA. *See* Docket 1 at 1–2. The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). An individual may be liable under the FLSA. *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002). "This means, at a minimum, that an individual employee must be 'responsible in whole or part for the alleged violation' to incur individual liability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (quoting *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)). The Eighth Circuit has held that ownership alone is not sufficient for an individual to be classified as an employer under the FLSA. *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263 (8th Cir. 1963). "To state an FLSA claim against an individual in this circuit, a plaintiff must allege the individual violated the statute." *Williams v. Insomnia Cookies, LLC*, 2024 WL 473783, at *8 (E.D. Mo. Feb. 7, 2024) (citing *Hill*, 737 F.3d at 1216). When considering if an individual is an employer under the FLSA, the Eighth Circuit has analyzed whether the

6

individual defendant controlled the compensation of the employee or made a decision to not compensate the employee for his or her time. *Hill*, 737 F.3d at 1216.

Here, Johnson claims that "Days in [sic] owner shorted Plaintiff 488 dollars when he cut his wages to $6 a [sic] hour." Docket 1 at 4. Johnson alleges that Patel was the owner of Days Inn. *Id.* at 2. Because Johnson alleges that Patel was involved with issuing his payment and did not pay him an amount that complies with the FLSA, Johnson alleges sufficient facts for his FLSA claim against Patel to survive § 1915 screening.

### 2. South Dakota Minimum Wage

Liberally construed, Johnson's complaint alleges a violation of South Dakota's minimum wage law. Docket 1. Under SDCL § 60-11-3, "[e]very employer shall pay to each employee wages at a rate of not less than eight dollars and fifty cents an hour." The South Dakota minimum wage is adjusted yearly by the increase in cost of living. SDCL § 60-11-3.2. "Every employer shall pay all wages due to employees . . . on regular agreed pay days designated in advance by the employer . . . ." SDCL § 60-11-9. "In any action for the breach of an obligation to pay wages, if a private employer has been oppressive, fraudulent, or malicious in the employer's refusal to pay wages due to the employee, the measure of damages is double the amount of wages for which the employer is liable." SDCL § 60-11-7.

Although Johnson does not specify the exact time period when he was paid less than minimum wage, his pay stub from April 14, 2023, through April

7

27, 2023, shows that his hourly rate was $6.00. Docket 1-1 at 1–2. In 2023, South Dakota's minimum wage requirement was $10.80 per hour. SDCL § 60-11-3; S.D. Dep't of Lab, *2023 South Dakota Minimum Wage Requirement*, https://dlr.sd.gov/employment_laws/publications/min_wage_poster_2023_english.pdf (last visited May 3, 2024). Thus, Johnson's claims for violation of South Dakota minimum wage law survive § 1915 screening.

### 3. **Discrimination**

Johnson alleges that he suffered blanket discrimination. Docket 1 at 3–4. He claims that he was discriminated against because he was not told when to return to work and was instead told to reapply for his position. *Id.* Johnson does not explain how the defendants' actions amount to discrimination and does not specify under what federal law or statute he brings his discrimination claims. Johnson's conclusory allegation of discrimination without more is insufficient to state a claim for relief. Thus, Johnson's claims for discrimination are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. **No-Poaching Agreement**

Johnson generally alleges that there was a no-poaching agreement between Days Inn and Short Staffed. Docket 1 at 3–4. He claims that the companies "agreed not to compete by wages[.]" *Id.* He does not allege any facts showing how he knows that an agreement exists and what the agreement entails beyond that it caused the companies to commit fraud over his wages. *Id.*

8

Construing Johnson's complaint liberally, he alleges a claim under § 1 of the Sherman Act. *Id.* Section 1 prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations . . . ." 15 U.S.C. § 1. To establish a claim under § 1 of the Sherman Act, "a plaintiff must demonstrate (1) that there was a contract, combination, or conspiracy; and (2) that the agreement unreasonably restrained trade under either a *per se* rule of illegality or a rule of reason analysis." *Insignia Sys., Inc. v. News Corp., Ltd.*, 2005 WL 2063890, at *1 (D. Minn. Aug. 25, 2005) (citations omitted). The Supreme Court has held that a claim under § 1 of the Sherman Act "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. "Without more, . . . a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 556–57.

Besides Johnson's general allegations that a poaching agreement exists and it caused him to receive less wages, he has not alleged any facts showing the existence of a no-poaching agreement or that a conspiracy existed between Days Inn and Short Staffed. *See generally* Docket 1 at 3–4. Johnson does not allege when such alleged agreement was made, what was agreed upon beside wages, how he knows such agreement exists, or any other details indicating that a non-poaching agreement exists. Thus, Johnson's claims under § 1 of the Sherman Act are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

9

South Dakota Codified Law § 37-1-3.1 states that "[a] contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful." "It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes." SDCL § 37-1-22. *See also Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986) ("The South Dakota statutory language governing restraint of trade is similar to section one of the Sherman Act, and the South Dakota legislature has indicated that federal court interpretations of the federal antitrust laws may be used as a guide in interpreting the state law." (footnotes omitted)); *Byre v. Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) (citing *Neyens v. Roth*, 326 N.W.2d 294 (Iowa 1982)) ("[B]ecause of the similarity of the language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute.") As this court analyzed above, Johnson has not alleged sufficient facts to show the existence of a no-poaching agreement or that a conspiracy existed between Days Inn and Short Staffed. *See supra* at 9.

"Any contract restraining exercise of a lawful profession, trade, or business is void to that extent . . . ." SDCL § 53-9-8. Under SDCL § 53-9-8, "[t]here must be a distinct agreement creating a covenant in restraint of trade." *Lindskov v. Lindskov*, 800 N.W.2d 715, 718 (S.D. 2011). Johnson generally alleges the existence of a no-poaching agreement, but Johnson has not alleged

10

sufficient facts to show a distinct agreement creating a restraint of trade. *See* Docket 1 at 3–4. Thus, Johnson's state-law restraint-of-trade claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 5.   Fraud

This court construes Johnson's complaint as alleging a claim for fraud under South Dakota common law. *See* Docket 1. Under South Dakota law, common law fraud requires proof of three elements:

> First, the representation at issue must be made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made. Second, the representation must have been made with intent to deceive and for the purpose of inducing the other party to act upon it. Third, the person to whom the representation was made must demonstrate that he did in fact rely on it and was induced thereby to act to his injury or damage.

*Johnson v. Markve*, 980 N.W.2d 662, 677 (S.D. 2022) (cleaned up) (quoting *Aqreva, LLC v. Eide Bailly, LLP*, 950 N.W.2d 774, 791 (S.D. 2020)). To satisfy the third element, the plaintiff must show that he relied on the alleged misrepresentation and took some action based on that reliance. *See Est. of Johnson ex rel. Johnson v. Weber*, 898 N.W.2d 718, 731 (S.D. 2017).

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Complaints subject to Rule 9(b) "must identify who, what, where, when, and how." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)). The complaint must also "specify[] 'the

time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.' " *Id.* (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556–57 (8th Cir. 2006)) Similarly, "[p]arties alleging fraud must plead reliance with 'sufficient particularity to state a plausible claim of justifiable reliance.' " *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 423 (8th Cir. 2020) (quoting *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch*, 851 F.3d 800, 805 (8th Cir. 2017)).

Here, Johnson has not met the pleading standard for fraud. He generally alleges that defendants committed fraud without providing more detail. *See* Docket 1 at 3–4. Thus, Johnson's fraud claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Johnson's motion for leave to proceed in forma pauperis (Docket 4) is granted.
2. That Johnson's FLSA claims survive § 1915 screening.
3. That Johnson's state-law minimum wage claims survive § 1915 screening.
4. That Johnson's claims for discrimination are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

5. That Johnson's claims under § 1 of the Sherman Act are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

6. That Johnson's state-law restraint-of-trade claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

7. That Johnson's state-law fraud claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

8. That the Clerk of Court shall send blank summons forms and Marshal Service Form (Form USM-285) to Johnson so that he may cause the complaint to be served upon defendants Days Inn, Short Staffed, and Patel.

9. That Johnson shall complete and send the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. Johnson shall return the completed forms to the Clerk of Court within thirty (30) days. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

10. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

11. That defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

12. That Johnson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 3, 2024.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE