UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>JAYVADAN PATEL, OWNER OF DAYS INN, AND DAYS INN BY WYNDOM HOTEL, FRANCHISE OF DAYS INN,<br><br>Defendants. | 4:23-CV-04160-ECS<br><br>OPINION AND ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AND ALLOWING PLAINTIFF ADDITIONAL TIME TO EFFECTUATE SERVICE OF PROCESS |

I.  **Background**

Plaintiff Charles Ray Johnson (Johnson), proceeding pro se, filed a complaint in this action on October 11, 2023. Doc. 1. The Complaint alleges various wage-loss claims between himself and Defendants Jayvadan Patel, Days Inn by Wyndom Hotel (Days Inn), and Short Staffed, Inc. (Short Staffed). Id. Johnson seeks $10,000,000 in damages and alleges Defendants committed "fraud as well as withheld wages" from him while he was employed at a Days Inn location in Sioux Falls, South Dakota. Id. at 4. Attached to the Complaint is a wage statement with a "pay date" of May 2, 2023, which was issued by "Subhan Hotels LLC; Days Inn Airport." Doc 1-1.

Summons for Defendants were issued, Doc. 8, but the summons for Patel was returned unexecuted on July 19, 2024. Doc. 16. A summons for Defendant Days Inn, however, was returned as being served at a Days Inn location in Sioux Falls, South Dakota. Doc. 15. The return indicates the summons was served on a person at the "front desk" on July 15, 2024. Id.

1

The return also states the "property was purchased in March 2024 according to current owners." Id. Days Inn has not responded to Johnson's Complaint.

Johnson and Defendant Short Staffed entered into a settlement agreement on June 26, 2024, Doc. 12, and sought this Court's approval of the agreement's terms. Id. They further stipulated that this Court could dismiss Johnson's claims against Short Staffed with prejudice if the terms of the agreement were approved. Id. This Court approved the parties' settlement agreement and dismissed all of Johnson's claims against Short Staffed with prejudice on July 8, 2024. Doc. 14.

On December 12, 2024, this Court entered two orders. First, this Court ordered Johnson to serve Patel by December 31, 2024, or his claims against Patel would be dismissed without prejudice pursuant to Rule 4(m). Doc. 17. Second, this Court ordered Johnson to explain in writing why he believes he properly served Defendant Days Inn by December 31, 2024. Doc. 18. With respect to Defendant Days Inn, this Court was concerned whether proper service was effectuated because the return states it was served on a "front desk" clerk. Id. This Court was also concerned about the server noting the Days Inn location was apparently purchased by new owners about ten months after the facts giving rise to Johnson's wage claim. Id.

Johnson moved for default judgment on Days Inn on December 19, 2024. Doc. 19. Soon after, Johnson filed a "Motion for Default Judgment – Jay Patel." Doc. 21. At the time of that filing, and to the present date, no return showing service on Mr. Patel has been filed. While Johnson's filing seeking a default judgment against Patel was pending, Johnson moved for an extension of time to accomplish service on Patel so he could "better get all locations of Service of Summons / Proof of Service & Waiver of Service for Summons." Doc. 20. The Court granted Johnson's motion and gave him until February 15, 2025, to serve Patel. Doc. 22. To

2

date, however, no return of service indicating Patel has been served has been filed with this Court.

The Court now addresses all of Johnson's pending motions related to Patel and Days Inn.

## II. Discussion

### A. Motion for Default Judgment against Jayvadan Patel

Currently pending is Johnson's Motion for Default Judgment against Defendant Jayvadan Patel. Doc. 21. As noted above, to the Court's knowledge, Johnson has never served Patel to commence the lawsuit against him. And no return of service on Patel has been filed. Indeed, Johnson admits as much by moving for more time to serve Patel, which the Court granted. Docs. 20, 22. Johnson was given until February 15, 2025, to serve Patel. Doc. 22. He has not yet done so, and the deadline has long passed.

A default judgment cannot be granted against Patel because he has not been properly served, which is a prerequisite to commencing the suit against him. Johnson contends, however, that he talked with Patel about this lawsuit since he filed it. Doc. 19 at 3. Any conversation between Johnson and Patel about this lawsuit does not equate to effective service of process. A defendant's "actual notice" of a pending lawsuit "does not discharge the Plaintiff of his duty to effectuate proper service." Semler v. Klang, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009). Accordingly, Johnson's Motion for Default Judgment against Patel, Doc. 21, is denied.

This Court is mindful that Johnson is proceeding pro se. Under Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3

Fed. R. Civ. P. 4(m). Good cause for extending the time of service under Rule 4(m) can be found when "the plaintiff has acted diligently in trying to effectuate service" or "the plaintiff is proceeding pro se." Kurka v. Iowa City, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)).

Here, after considering Johnson's arguments and liberally construing his submissions, it appears he has acted diligently in trying to serve Patel. But there must be some finality on this issue. Accordingly, the Court orders Johnson to serve Patel by April 22, 2025. If service on Patel is not made by that date, Johnson's claims against Patel will be dismissed without prejudice.

### B. Motion for Default Judgment against Days Inn By Wyndom Hotel

Johnson also moved for default judgment against Days Inn. Doc. 19. For the following reasons, this motion is denied.

Service of process on a business entity is governed by Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4(h), a domestic or foreign corporation, partnership, or other unincorporated association must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual[,] or . . . by deliver[y] . . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)–(B). Under Rule 4(e)(1), service is effective if it "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

South Dakota law governing service of process on a business entity requires that service of process must be delivered to the following individuals:

> [T]he president, partner or other head of the entity, officer, director, or registered agent thereof. If any of the above cannot be conveniently found, service may be

4

>made by leaving a copy of the summons and complaint at the office of such business entity within this state, with the person in charge of such office . . . .

SDCL § 15-6-4(d)(1). "The statutory list of parties that are authorized to receive service under SDCL [§] 15-6-4(d)(1) is exhaustive and compliance with the statute is not discretionary." R.B.O. v. Priests of the Sacred Heart, 807 N.W.2d 808, 811 (S.D. 2011) (citing White Eagle v. City of Fort Pierre, 606 N.W.2d 926, 929 (S.D. 2000)).

Proper service of process must be effectuated on a party because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). It is the plaintiff's burden to show that service was valid. "The great weight of the case law is to the effect that the party on whose behalf service of process has been made has the burden of establishing its validity." Grajczyk v. Tasca, 717 N.W.2d 624, 631 (S.D. 2006) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1353, at 342). And mere notice is not enough: courts have "held that even though service appeared sufficient to provide notice to the defendant, the process would not be considered validly served when the person who received it was not an officer, a managing agent, or general agent of the defendant corporation as required by the rule." Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 415 (D.S.D. 2011) (citation omitted).

The only information before the Court is that a front desk employee at a Days Inn location in Sioux Falls was served with process. This is not enough evidence to warrant granting Johnson's motion for default judgment against Days Inn. See S & G Distribs., Inc. v. US Assets, Inc., No. 19-cv-00832, 2020 WL 13190305, at *3 (E.D. Ark. Apr. 23, 2020) (denying a motion for default judgment where "[t]here is no evidence that the front-desk receptionist was or acted as Mr. Love's personal secretary or assistant, that she sat directly in front of his door, or that she was authorized to receive and direct, or in fact did receive and direct, all mail on Mr. Love's

5

behalf."); Bruce v. Polk Cnty. Att'y's Off., No. 18-cv-00040, 2018 WL 10075604, at *15 (S.D. Iowa Sept. 21, 2018) (denying motion for default judgment filed by pro se plaintiff where the only evidence of service was copies of return receipts from a certified mailing).

Here, there is no indication in the record that an officer, managing agent, or general agent of Days Inn was served. Likewise, there is no evidence "the person in charge of such office" was served as required by SDCL § 15-6-4(d)(1). Johnson has not met his burden of demonstrating proper service upon Days Inn, and his motion for default judgment is therefore denied.

Although the service on Days Inn was not proper for the reasons stated above, the Court will allow Johnson another opportunity to properly effectuate service. The Court gives Johnson until April 22, 2025, to properly effectuate service on the appropriate Days Inn entity.

### C. Motion to Modify Settlement Agreement with Short Staffed, Inc.

Johnson has also moved to modify his settlement agreement with Short Staffed. Docs. 24, 25. Short Staffed has not yet responded to Johnson's motion, but under District of South Dakota Local Rule 7.1, Short Staffed still has time to file a response. Thus, this Court will defer ruling on Johnson's motion until after Short Staffed has responded, should it choose to do so.

### III. Conclusion

Therefore, for the reasons stated above and for good cause, it is

ORDERED that Plaintiff's Motion for Default Judgment against Days Inn by Wyndom Hotel, Doc. 19, is denied. It is further

ORDERED that Plaintiff's Motion for Default Judgment against Jayvadan Patel, Doc. 21, is denied. It is further

ORDERED that Plaintiff has until April 22, 2025, to make proper service of the summons and complaint on Defendant Days Inn by Wyndom Hotel, or the claims against the unserved defendant will be dismissed without prejudice pursuant to Rule 4(m), unless Plaintiff can show good cause for not doing so. It is finally

ORDERED that Plaintiff has until April 22, 2025, to make proper service of the summons and complaint on Defendant Jayvadan Patel or the claims against the unserved defendant will be dismissed without prejudice pursuant to Rule 4(m), unless Plaintiff can show good cause for not doing so.

DATED this 21 day of March, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE