UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>JAYVADAN PATEL, OWNER OF DAYS INN, AND DAYS INN BY WYNDOM HOTEL, FRANCHISE OF DAYS INN,<br><br>Defendants. | 4:23-CV-04160-ECS<br><br>OPINION AND ORDER DENYING MOTION TO MODIFY SETTLEMENT AGREEMENT AND DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE |

On March 21, 2025, this Court entered an order (1) denying Plaintiff Charles Ray Johnson's ("Johnson") motions for default judgment against Defendants Jayvadan Patel ("Patel") and Days Inn by Wyndom Hotel ("Days Inn"), (2) giving Johnson until April 22, 2025, to properly serve Defendants Patel and Days Inn, and (3) deferring ruling on Johnson's Motion to Modify Settlement Agreement until after Short Staffed, Inc.'s ("Short Staffed") deadline to respond had passed. Doc. 26. The April 22, 2025 deadline has now passed without Johnson having filed any proof of service upon either Patel or Days Inn, and Short Staffed has responded to Johnson's motion to modify the settlement agreement. This Court now addresses each issue in turn.

I.  **Claims Against Jayvadan Patel and Days Inn by Wyndom Hotel**

Johnson, proceeding pro se, filed a complaint on October 11, 2023. Doc. 1. The Complaint alleges various wage-loss claims between himself and Defendants Patel, Days Inn, and Short Staffed. Id. Johnson seeks $10,000,000 in damages and alleges Defendants committed "fraud as well as withheld wages" from him while he was employed at a Days Inn

1

location in Sioux Falls, South Dakota. Id. at 4. Attached to his Complaint is a wage statement with a "pay date" of May 2, 2023, which was issued by "Subhan Hotels LLC; Days Inn Airport." Doc 1-1.

Summons for Defendants were issued, Doc. 8, but the summons for Patel was returned unexecuted on July 19, 2024. Doc. 16. A summons for Defendant Days Inn, however, was returned as being served at a Days Inn location in Sioux Falls, South Dakota. Doc. 15. The return indicates the summons was served on a person at the "Front Desk" on July 15, 2024. Id. The return also states the "property was purchased in March 2024 according to current owners." Id. Days Inn has not responded to Johnson's Complaint.

On December 12, 2024, this Court entered two orders. First, this Court ordered Johnson to serve Patel by December 31, 2024, or his claims against Patel would be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Doc. 17. This Court explained that Rule 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Id. at 1; see Fed. R. Civ. P. 4(m). This Court further notified Johnson that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Doc. 17 at 1 (quoting Fed. R. Civ. P. 4(m)). Second, this Court ordered Johnson to explain in writing by December 31, 2024, why service upon Days Inn was proper. Doc. 18. As for Defendant Days Inn, this Court was concerned whether service upon a hotel front desk clerk was proper under Rule 4(e). Id. This Court was also concerned about the server noting the Days Inn location was apparently purchased by new owners about ten months after the facts giving rise to Johnson's wage claim. Id.

Johnson moved for default judgment against Days Inn on December 19, 2024. Doc. 19. Soon after, Johnson moved for default judgment against Patel too. Doc. 21. At the time those motions were docketed, no return showing service on Patel had been filed. While Johnson's motions for default judgment were pending, Johnson moved for an extension of time to accomplish service on Patel so he could "better get all locations of Service of Summons / Proof of Service & Waiver of Service of Summons." Doc. 20. Within his motion, Johnson also stated that the "Complaint is with the Days Inn Served. And the new owners have failed to reply/produce an attorney on Record." Id. at 1. Having construed his motion broadly, this Court was inclined to give Johnson another chance to properly serve Patel and clarify why service upon Days Inn was proper under Federal Rule of Civil Procedure 4(e) or SDCL § 15-6-4(d). Doc. 22 at 2. This Court, therefore, extended Johnson's deadline to February 15, 2025.

The February 15, 2025 deadline came and went, and Johnson did not file a return of service indicating that he had served Patel, nor did he file a response explaining why his service on Days Inn was proper. So, in its March 21, 2025 Opinion and Order denying Johnson's motions for default judgment, this Court explained why service upon Days Inn was not proper, Doc. 26 at 6, and gave Johnson one last opportunity to "make proper service of summons and complaint on" Defendants Patel and Days Inn. Id. at 7. The Court further warned Johnson that his "claims against the unserved [Defendants] will be dismissed without prejudice pursuant to Rule 4(m)" if service is not completed by April 22, 2025. Id.

That deadline has now passed, and Johnson still has not filed proof of service as to Patel or Days Inn's new owners, nor has he demonstrated good cause to excuse his failure to do so. Therefore, his claims against Defendants Patel and Days Inn are dismissed without prejudice.

3

**II.     Motion to Modify Settlement Agreement with Short Staffed, Inc.**

Johnson and Defendant Short Staffed entered into a settlement agreement on June 26, 2024, Doc. 12, and sought this Court's approval of the agreement's terms. They also stipulated that this Court could dismiss Johnson's claims against Short Staffed with prejudice if the terms of the agreement were approved. Id. This Court approved the parties' settlement agreement and dismissed all of Johnson's claims against Short Staffed with prejudice on July 8, 2024. Doc. 14.

Eight months later, Johnson unilaterally moved to modify the settlement agreement. Docs. 24, 25. Short Staffed has since opposed Johnson's motion to modify. Doc. 27. In its response, Short Staff argues that the settlement agreement cannot be modified absent a mutual written agreement signed by both parties. The parties' settlement agreement includes two provisions defining the condition on which amendments or modifications to the agreement may be made. Those provisions state:

> **AMENDMENTS.** This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all the Parties.
>
> **WAIVER AND MODIFICATION.** . . . This Agreement may not be altered or amended in any of its provision except by the mutual written agreement of the Parties that is signed by both Parties.

Doc. 24-1 at 7–8 (emphasis omitted). When Johnson signed the agreement, he acknowledged that he "completely read," "fully understood," and "voluntarily accepted" these provisions. Id. at 8. He later demonstrated his understanding by referencing these provisions in an email to Short Staffed's attorneys, stating, "Per your request in the contract settlement agreement the contract can only be modified by each party." Doc. 27 at 2; see infra II.A (setting forth email in full). And at no time has Johnson argued that either provision is unenforceable.

Short Staffed has not agreed to modify the settlement agreement. According to the affidavit accompanying Short Staffed's response, it has "*never* contacted Johnson to change or

4

modify the settlement in any way, shape, or form." Doc. 27 at 3; Doc. 28 ¶ 6. And Short Staffed further asserts that it "will never be interested in modifying the Settlement Agreement." Doc. 27 at 4; Doc. 28 ¶ 8. Given the terms of the contract—agreed upon by the parties and approved by this Court—absent a mutual written agreement signed by both parties, this Court will not grant a motion to modify the settlement agreement. Thus, Johnson's motion to modify the settlement agreement is denied; the agreement will be modified only by mutual written agreement of the parties. Doc. 24-1 at 7–8.

### A. Sanctions

In its response to Johnson's motion to modify the settlement agreement, Short Staffed also urged this Court to sanction Johnson on its own accord under Rule 11 of the Federal Rules of Civil Procedure. Doc. 27 at 4. Rule 11 provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1); See Beaner v. United States, 361 F. Supp. 2d 1063, 1068–69 (D.S.D. 2005) (noting that Rule 11 applies to pro se parties as well). Although Short Staffed does not specify how Johnson violated Rule 11(b), they seem to argue that Johnson's conduct has violated subsection 1 of Rule 11(b), which states that:

> By presenting to the court a . . . written motion . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 11(b)(1). Short Staffed describes Johnson's conduct as "continued harassment and [a] violation of the NO CONTACT provision," as well as "immaterial, impertinent, [and] scandalous." Doc. 27 at 3–4 (alteration in original) (citation and quotation omitted).

Apparently, despite the settlement agreement's no contact provision,[1] Johnson has made repeated attempts to contact Short Staffed's attorneys. Id. at 1–2. And in January 2025, Johnson emailed Short Staffed's counsel; that email seemed to imply that Johnson had been in contact with Short Staffed directly:

> It is from my understanding that your client Short Staffed Inc. would like to change number 10 of the settlement agreement through mediation negotiations or etc through their attorneys after deliberating with corporate on the best way to proceed. Please feel free to email me if you have any questions or concerns. Number 10 of the settlement agreement with your office States plaintiff if forbidden to enter a Short Staffed Estate and seek employment or any nature of Short Staffed Inc Corporation values as well as policies and procedures set in place with the state in contract.
>
> Per your request in the contract settlement agreement the contract can only be modified by each party…
>
> The court will agree good cause shown on behalf of your client Short Staffed Inc. that due to words written in the settlement agreement, it has cost your client to lose contracts set in place. It is from my understanding that a reply is due from your office on behalf of your client Short Staffed on what would be the proposed proposal to remodify the settlement agreement to benefit your client to help receive work contracts.
>
> It is also my understanding that your client is in agreement that they are bound by the settlement agreement to not allow Plaintiff into the establishment for employment or etc. This was acknowledged in a call…
>
> It's also from my understanding that an normal person would not refuse service to a plaintiff whom has exercised his rights against an employer that was and is an employer in contract with your client Short Staffed Inc.
>
> It's also to my understanding that your attorney claimed your client had no wrongs to admit but offered a 1000 presettlement agreement. While at the same time making number 10 refusal of service as part of the settlement agreement though per your attorney Short Staffed Inc did nothing wrong.
>
> That would be a wrong.

---

[1] The no contact provision states, "**NO CONTACT.** Plaintiff hereby agrees that he will never contact Short Staffed again with regards to this subject matter or to seek any services or employment from Short Staffed." Doc. 27 at 2.

> Charles Ray Johnson
> Lmk if you wish to meet..

Id. at 2–3.

While a court may sanction a party on its own accord, it must first order a "party to show cause why [its] conduct . . . has not violated Rule 11(b)." Fed. R. Civ. P. 11(b)(3). But such an order would not be worthwhile here. Even if this Court viewed Johnson's conduct as a violation of Rule 11(b)(1), given that all of Johnson's pending motions have been resolved and his remaining claims dismissed, there seems to be little value in keeping this action open solely to issue an order to show cause regarding sanctions. See Fed. R. Civ. P. 11(c)(4). This Court, therefore, declines Short Staffed's nudge to impose Rule 11 sanctions.

### III.  Conclusion

Therefore, for the reasons stated above and for good cause shown, it is hereby

ORDERED that Plaintiff's claims against Defendants Jayvadan Patel and Days Inn by Wyndom Hotel are dismissed without prejudice for failing to timely complete service of the summons and complaint upon Defendants. It is further

ORDERED that Plaintiff's Motion to Modify Settlement Agreement, Doc. 24, is denied.

DATED this 6 day of May, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE